**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2068
_____

JAMES HOLLINGHEAD; MARK SIMPSON,

Appellants

v.

CITY OF YORK, PENNSYLVANIA;
YORK SEWER AUTHORITY;
MONACACY VALLEY ELECTRIC, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-12-cv-00260)
District Judge: Honorable Christopher C. Conner

_____

Submitted under Third Circuit LAR 34.1(a)
on January 20, 2015

Before: RENDELL, SMITH, and KRAUSE, <u>Circuit Judges</u>

(Opinion filed: February 5, 2015)

_____

O P I N I O N*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>:

Appellants James Hollinghead and Brian Simpson challenge three District Court orders dismissing and granting summary judgment in favor of Appellees City of York, York Sewer Authority, and Moncacy Valley Electric, Inc. ("Monacacy") on Appellants' claims for intentional infliction of emotional distress ("IIED"), First Amendment retaliation, and civil rights violations under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Rights Act ("PHRA"). Magistrate Judge Martin C. Carlson issued three thorough and well-reasoned reports and recommendations, which the District Court adopted after reviewing the parties' objections. For the reasons that Judge Carlson explained, we will affirm.

The City of York employed Appellants, who are both African-American, at a wastewater treatment plant. Simpson believed that Monacacy's employees had dirtied a shower located at the plant, and he complained to Monacacy. The shower problems continued, and Simpson's supervisor suggested that he lock the shower door. Simpson did so and, the next day, Hollinghead found what he believed was a noose near the shower area. Appellants reported this alleged noose to supervisors and union officials. Several days later, a second alleged noose was seen on the ground in a separate building located some distance away from where the first rope was found. Appellants never saw who hung the ropes, but they believed that Monacacy employees hung them. Both the City of York and the City of York police department promptly investigated the nooses, were unable to determine who hung the nooses, and concluded that what appeared to be

2

nooses may have simply been ropes hung to move construction materials. Eleven months after the noose incident, Hollinghead was tasked with supervising the pouring of chlorine into a sand filter and monitoring it. The two employees who actually added the chlorine and had the most chlorine exposure were Caucasian and did not become sick. Hollinghead became sick from this assignment, obtained medical treatment, and missed five paid workdays.

The District Court dismissed the Title VII and PHRA claims against Monacacy because Appellants did not allege that Monacacy was their employer or that Monacacy supervised Appellants. It dismissed the § 1983 claims against Monacacy because Monacacy is a private company, not a state actor. Appellants amended their complaint to show that Monacacy violated the PHRA by aiding and abetting the discriminatory practices, but the District Court dismissed the aiding and abetting claim for failure to show that Monacacy supervised Appellants. The District Court also dismissed the amended IIED claim against Monacacy because Appellants failed to allege a physical injury connected to viewing the nooses.

The District Court granted summary judgment for the York Sewer Authority because undisputed evidence showed that the Authority never employed Appellants and had no connection with the nooses or the dangerous work assignments. It granted summary judgment for the City of York because there was no evidence that the City had any involvement in the nooses or retaliated and because City officials promptly investigated Appellants' claims.

3

Appellants argue that the District Court erred, but their arguments lack merit. They contend that the City of York and the Sewer Authority sanctioned the nooses by not terminating Monacacy's contract, but they do not identify any evidence that Monacacy hung the nooses. Absent evidentiary support, summary judgment is proper. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . ."). Appellants argue that the Sewer Authority was their employer, but they do not adduce any evidence that the Sewer Authority controlled their conditions of employment or supervised them. *See Clackamas Gastroenterology Assocs., P. C. v. Wells*, 538 U.S. 440, 450 (2003) (an employer "can hire and fire employees, can assign tasks to employees and supervise their performance"). Furthermore, Hollinghead did not show that his sand filter assignment[1] was causally connected to the discrimination complaints because the noose incident and the filter assignment were temporally separate and because there was no other evidence of antagonism or retaliation. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

We can add nothing to the District Court's reasoned analysis, and we will affirm.

---

[1] Simpson settled his claims against the City.